UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER S. STEPHENS, and
URIAN R. STURGIS, individually and
on behalf of their minor children,
YAHRAEL STURGIS,
RAYMONI STURGIS, ZAVONTE and SUAVE
STEPHENS,

    Plaintiffs,

v.                                            Case No. 06-13890

KAREN HAYES, and BERNICE
HARRIS, individually and in their
official capacities as Social Workers for
the Western Wayne Child Protective
Service, MICHAEL PATTY, individually and in
his official capacity as supervisor for the Western
Wayne Child Protective Service,
SARAH ZACHMAN, and JENNIFER
STEVENS, individually and in their official
capacities as Social Workers for the St. Francis
Catholic Social Services, and ST. FRANCIS CATHOLIC
SOCIAL SERVICES,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS SARAH ZACHMAN, JENNIFER STEVENS and ST. FRANCIS CATHOLIC SOCIAL SERVICES MOTION TO DISMISS
AND
DISMISSING COMPLAINT AGAINST DEFENDANTS KAREN HAYES, BERNICE HARRIS AND MICHAEL PATTY UNDER 28 U.S.C. § 1915(e)(2)
AND
DENYING PLAINTIFFS' MOTION TO TRANSFER OR REASSIGN**

I.

Plaintiffs Jennifer Stephens and Urian R. Sturgis filed this action on behalf of

themselves and their minor children: Yahrael Sturgis; Raymoni Sturgis; Zavonte Sturgis; and Suave Sturgis. They name Karen Hayes, Bernice Harris, Michael Patty, Sarah Zachman, Jennifer Stevens, and St. Francis Catholic Social Services as defendants. Plaintiffs are proceeding pro se and in forma pauperis. As will be explained, this is the third case filed by plaintiffs involving the removal of their children and termination of their parental rights.

Before the Court are the following motions:[1]

1. Defendants Sarah Zachman, Jennifer Stevens, and St. Francis Catholic Social Services motion to dismiss.

2. Defendants Karen Hayes, Bernice Harris, and Michael Patty's motion to dismiss or for summary judgment.

II.

On July 18, 2006, plaintiffs filed a complaint arising out of the same circumstances and against substantially the same defendants. Briefly, plaintiffs Jennifer Stephens and Urian R. Sturgis sued, on behalf of themselves and their minor child, Yahrael Sturgis. They named Sarah Zachman, Jennifer Stevens, Michael Patty, Karen Hayes, Bernice Harris, Richard McKnight and Laura Sheldon as defendants. Sturgis v. Zachman, 06-13243. The Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2), explaining:

---

[1]Also before the Court is plaintiffs' motion to transfer or reassign this case to Judge Tarnow, the district judge to whom the case was randomly assigned, or Judge Edmunds. The motion is DENIED. The decision on whether a case should be reassigned as a companion is governed by Local Rule 83.11 which states that the decision regarding whether a case should be reassigned as a companion case is made by the judges, not a party.

> The Court has read the complaint. From what can be gleaned, plaintiffs' minor child, Yahrael Sturgis, was taken into protective custody shortly after her birth. Plaintiffs' other children are also in protective custody. Plaintiffs say Yahrael was unjustly and unlawfully removed from their home. Plaintiffs also say their Native American ancestry played a role in their children being taken into protective custody. Defendants are purportedly employed by Child Protective Services  Plaintiffs have asserted several claims against defendants including: civil conspiracy, criminal conspiracy, hindering prosecution, fraud, misuse of federal funds, intimidation, harassment, coercion, perjury, obstruction of justice, malicious prosecution and bribery. They cite 18 U.S.C. §§ 2, 3, 4, 241, 286, 645, 666, 1001, 1341, 1512, 1621, 1623, 1968; and 42 U.S.C. §§ 1901-63, and 1983. Plaintiffs also say their First, Fourth, Seventh, and Fourteenth Amendment rights have been violated. They seeks injunctive relief in the form of the return of plaintiffs' four children, immediate indictment and prosecution of all defendants, immediate investigation by the Department of Justice for misuse of federal funds and "conflict of interest of defendants in this claim operating in children agencies," the arrest of defendants, and damages in the amount of five million dollars for each wrongful act of the defendants, and $5,000 a day for every day that Yahrael Sturgis spends in foster care, plus costs and attorney fees.
>
> Although it appears that plaintiffs have attempted to invoke the Court's federal question jurisdiction, the complaint does not set forth allegations reasonably suggesting plaintiffs might have a federal claim. Moreover, plaintiffs are objecting to actions taken by a state agency, and its employees, regarding child custody matters. Federal courts have long declined to hear cases involving "elements of the domestic relationship," including child custody issues, as they are matters for the state. See Ex parte Burrus, 136 U.S. 586 (1890); Ankenbrandt v. Richards, 504 U.S. 689 (1992).

See Order Dismissing Complaint Under 28 U.S.C. § 1915(e)(2) in case no. 06-13243, filed July 28, 2006.

On August 31, 2006, plaintiff filed the instant case, Sturgis v. Hayes, et al, 06-13890. The case was reassigned to this Court as a companion to case no. 06-13243. Thereafter, defendants filed the instant motions, to which plaintiffs have responded.

On March 26, 2007, plaintiffs filed a third case, 06-11301, again raising claims regarding child custody. The complaint names as plaintiffs Urian R. Sturgis, Sr. and Jennifer Stephens, Individually and on behalf of their minor child, Yahrael Sturgis. Defendants are named as follows: Vivian Hurst, individually and in her official capacity

as Representative of the Department of Human Services, David Wolock, individually and in his official capacity, Kiana Bogan, individually and in her official capacity as Case Manager of St. Francis Catholic Social Services. The case was also reassigned to this Court as a companion to case nos. 06-13243 and 06-13890. Defendants have answered the complaint.

III.

A.

As noted above, there are two motions to dismiss before the Court. Defendants Sarah Zachman, Jennifer Stevens, and St. Francis Catholic Social Services' move to dismiss the complaint on the grounds that (1) is it virtually identical to the complaint the Court previously dismissed as frivolous, (2) the prior dismissal bars this case under the doctrines of res judicata and collateral estoppel.

Defendants Karen Hayes, Bernice Harris, and Michael Patty move to dismiss the complaint on the same grounds asserted above and the following additional grounds: (1) the complaint is barred under the doctrines of Rooker-Feldman and Younger based on state court decisions and a pending appeal, (2) plaintiffs Urian Sturgis and Jennifer Stephens lack standing or authority to act on behalf of their minor children to whom their parental rights have been terminated, (3) plaintiffs fail to state a claim upon which relief may be granted, (4) defendants are entitled to qualified or absolute quasi judicial immunity, (5) the Eleventh Amendment bars plaintiffs' claims against defendants in their official capacity.

The complaint in the instant case, while substantially similar to the complaint in case no, 06-13243, is not identical. The parties are slightly different and plaintiffs

4

appear to have attempted to flesh out their claims. While difficult to discern, the complaint states it is brought under 42 U.S.C. § 1983 seeking damages for violations of the First, Fourth, Fourteenth Amendments and Article I. § 11 of the Michigan Constitution.[2] They also seek declaratory relief under various cited Michigan laws relating to the removal of their minor children and placement into protective custody and the termination of their parental rights. The complaint contains the following counts:

     Count 1 - violation of First Amendment under § 1983

     Count 2 - violation of Due Process under § 1983

     Count 3 - violation of "Famial [sic] Integrity" under § 1983

     Count 4 - Negligence

     Count 5 - Fraud

     Count 6 - Perjury

     Count 7 - Discrimination

B.

While both of defendants' motions present several grounds for dismissal, all of which are well-taken, the most appropriate ground is due to the fact that plaintiffs challenged the decision to terminate their parental rights, out of which this complaint and the prior complaint arise, in the Michigan courts. The complaint takes issue with the way in which their children were removed from their care and custody, the grounds for the removal, and, significantly, the termination of their parental rights. Plaintiffs, proceeding pro se, challenged the termination decision made by filing an appeal from

---

    [2]This section provides that no search warrant shall be issued without probable cause.

the Wayne County Circuit Court, Family Division, judgment.  See case no. 271015.  The Michigan Court of Appeals upheld the termination decision in an unpublished opinion filed March 29, 2007.  The Michigan Supreme Court denied leave to appeal in an order filed June 29, 2007.

Although it appears that plaintiffs have attempted to invoke the Court's federal question jurisdiction, plaintiff's claim is barred by the Rooker-Feldman doctrine.  Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996).  Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. § 1257; Feldman, 460 U.S. at 476.  See also Exxon Mobile v. Saudi Basic Ind., Corp., 125 S.Ct. 1517 (2005) (holding that Rooker-Feldman bars cases brought in federal court by state court losers seeking review of state court judgments rendered before the district court proceedings and cases where the issues are so inextricably intertwined that the federal district courts would be forced to review the state court judgments and find them in error in order to grant plaintiff the relief requested).

A fair reading of the complaint reveals that plaintiffs' federal case is an impermissible attack of a state court judgments relating to the same issues raised in the complaint.  Plaintiffs' complaint is an attempt to declare those state court judgments void by declaring the underlying premise unconstitutional.  These claims are precisely

6

the type of claims that a federal court is not permitted to review.  Because plaintiffs are really seeking federal court review of state court judgments, the Rooker-Feldman doctrine precludes review of the complaint.

    Defendants' motions to dismiss are GRANTED.  The complaint is DISMISSED.

    SO ORDERED.

                                          s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Urian R. Sturgis, Sr., 8528 Woodrow Wilson, Apartment 1.S ,Detroit, MI 48206 on this date, August 16, 2007, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160