UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIAN R. STURGIS and
JENNIFER STEPHENS, and
Y.S., et al, minor children, through parents
URIAN R. STURGIS, Sr. and
JENNIFER STEPHENS,

    Plaintiffs,

v.                                                                                    Case No. 06-13890

KAREN HAYES, BERNICE                                          HON. AVERN COHN
HARRIS & MICHAEL PATTY,
SARAH ZACHMANN and
JENNIFER STEVENS, and
ST. FRANCIS CATHOLIC SOCIAL
SERVICES, and VIVIAN HURST and
KIANA BOGAN,

    Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL AND DISQUALIFICATION**

I.

This is a case challenging defendants' actions resulting in the removal of plaintiffs' minor children and subsequent termination of plaintiffs' parental rights. Plaintiffs seek damages and injunctive relief. Before the Court is plaintiffs' motion for recusal and disqualification of the undersigned. For the reasons that follow, the motion will be denied.

II.

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455(a) provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The Sixth Circuit has explained that "[i]t is well settled that sections 144 and 455 'must be construed in pari materia ' and 'that disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct.' " United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (quoting City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980)).

III.

Plaintiffs' motion is premised first on the fact that the undersigned has previously ruled against plaintiffs and has allegedly favored defendants. Neither the fact that the undersigned has ruled against plaintiffs or the allegation that defendants have been treated more favorably, which pertain to judicial acts, justify recusal under §§ 144 or 455.

2

Plaintiffs also say that disqualification is warranted because the undersigned was once a board member of the Michigan Social Welfare Commission, now the Department of Social Services and therefore the undersigned's impartiality might be questioned. The undersigned's brief relationship with the Michigan Social Welfare Commission was over forty years ago and has in no way impacted the undersigned's view or the progress of this case. Disqualification is not required on this ground.

The undersigned is able to give appropriate consideration to plaintiffs case and the pending dispositive motions.

Accordingly, plaintiffs' motion is DENIED.

SO ORDERED.


Dated: November 25, 2008         s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to and Urian R. Sturgis, Sr. and Jennifer Stephens, 3814 Whitney, Detroit, MI 48206 the attorneys of record on this date, November 25, 2008, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                 Case Manager, (313) 234-5160